UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | No. 2:14-cv-1191 WBS AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KAMALA D. HARRIS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff was directed to provide a completed application on the appropriate form to support her request to proceed in forma pauperis. ECF No. 4. Although plaintiff filed a corrected, completed application, ECF No. 9, the court's review of plaintiff's litigation history demonstrates that she is a three strikes litigant pursuant to 28 U.S.C. § 1915(g).

Three Strikes

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a

1

> judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). Review of court records, of which this court takes judicial notice,[1] demonstrates that plaintiff has previously been determined to have been foreclosed under § 1915(g) from proceeding in forma pauperis in a prisoner civil rights action. In Williams v. Gomez, No. 2:11-cv-0426 GEB EFB P, the court found that the following cases qualified as strikes[2]:

Williams v. Andrews, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 2, 2002) (dismissed by order stating "action is dismissed for failure to state a claim upon which relief can be granted");

Williams v. Wood, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (complaint dismissed with prejudice upon screening for failure to state a claim);

Williams v. Rendon, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) ("complaint . . . dismissed with prejudice for failure to state a claim").

In addition, other court records reveal that the following of plaintiff's cases have also been dismissed for failure to state a claim:

Williams v. California State Prison- Corcoran, 1:99-cv-6612 OWW SMS P (E.D. Cal. Jan. 28, 2000) (case "dismissed in its entirety, without leave to amend, for plaintiff's failure to state a claim upon which relief may be granted");

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] See Case No. 2:11-cv-0426 GEB EFB P, ECF No. 40 (Findings and Recommendations filed December 21, 2011); ECF No. 45 (Order filed February 6, 2012 , adopting Findings and Recommendations and granting motion to revoke plaintiff's in forma pauperis status).

Williams v. Lopez, 1: 99-cv-6648 REC SMS P (E.D. Cal. Jan. 28, 2000) (case "dismissed in its entirety, without leave to amend, for plaintiff's failure to state a claim upon which relief may be granted").

Each of these cases were dismissed long prior to the filing of the instant action.

Accordingly, unless plaintiff can meet the "imminent danger of serious physical injury exception" in the allegations of the instant complaint, plaintiff will not be able to proceed in this action absent payment of the full filing fee at the outset.  To meet the exception, plaintiff must have alleged facts that demonstrate that she was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul–Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir.2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998) (per curiam).

Plaintiff's Allegations

In the instant complaint, plaintiff, who is currently housed at California State Prison-Sacramento (CSPS), names California Attorney General Kamala D. Harris as the sole defendant. See Complaint.  The gravamen of plaintiff's complaint is that she has, since January 1, 2002, been subjected to continuous arsenic and rat poisoning which has damaged her heart, led to heart attacks and urinary tract infections, and caused other medical complications.  Plaintiff also alleges that she has been the victim of unspecified false accusations by officers responsible for attempts on her life "with biological agents and their saliva, chewing tobacco. . . ."  She goes on to claim that these unidentified officers have been engaged in a conspiracy with, and aided and abetted, prison medical, nursing and mental health staff, also unnamed, in forcing plaintiff into the Enhanced Outpatient Program (EOP) level of care.  These unnamed parties have all filed false rules violation reports against plaintiff, causing her "serious physical injuries" and "rapid weight loss, post-traumatic stress disorder, mental and emotional anguish, depression, fear, distrust of the people around me, anti-socialism [sic]."  In addition to being fearful about eating, plaintiff claims

3

to be in fear of leaving her cell and subject to "constant taunting, retaliations, torments, harassments, and torture." Complaint, ECF No. 1 at 5.

Plaintiff accuses the sole defendant in her complaint, the state's attorney general, of having misused the powers conferred on her by state law by turning a "blind eye" to plaintiff's health needs and rights. Plaintiff does eventually name a litany of correctional officers, nearly thirty individuals, whose saliva she claims are in food samples she has retained. Id. at 3. The relief plaintiff seeks is to have defendant Harris criminally prosecuted and disbarred and to have numerous non-party correctional officers DNA-tested. Id. at 5.

### No Imminent Danger Shown

Although plaintiff claims to be in "imminent danger [] of serious physical injuries" as the result of poisoning, id. at 6, plaintiff's allegations are not plausible. As noted in Williams v. Gomez, No. 2:11-cv-0426 GEB EFB P, in which plaintiff made similar claims of having had her food poisoned by arsenic, her claim was "of little probative value, as it appear[ed] to be based solely on conjecture and suspicion."[3] Allegations that are not facially plausible do not satisfy the imminent danger exception. Andrews, 493 F.3d at 1055. The court could simply recommend that plaintiff be denied in forma pauperis status in this matter and that she be allowed to proceed if she pays the filing fee in full. However, the undersigned finds that this action should be summarily dismissed for the reasons that follow.

### Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[3] The court observed in this case that plaintiff had been unable to obtain injunctive relief because she had "submitted no evidence, other than her own declaration, to support her contentions that defendants have poisoned her or denied her HIV medication. . . ." and "[b]ecause plaintiff has not made a convincing showing that she is being poisoned . . ., the court is not convinced that irreparable harm will result if her motion is denied or that the balance of equities tips in her favor." Williams v. Gomez, No. 2:11-cv-0426 GEB EFB P, ECF No. 40.

1     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.  Claims subject to dismissal as factually baseless include
8 those describing fantastical or delusional scenarios.  Neitzke, 490 U.S. at 327-28.

9     A complaint must contain more than a "formulaic recitation of the elements of a cause of
10 action;" it must contain factual allegations sufficient to "raise a right to relief above the
11 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
12 must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
13 a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
14 Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual
15 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
16 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility
17 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
18 that the defendant is liable for the misconduct alleged."  Id.

19     In reviewing a complaint under this standard, the court must accept as true the allegations
20 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
21 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
22 the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

23     Failure to State a Claim

24     Plaintiff's allegations against Attorney General Harris lack merit.  The claim is without
25 factual or legal basis in several respects.  First, the Attorney General is at the head of the state's
26 Department of Justice, not the Department of Corrections and Rehabilitation.  Plaintiff sets forth
27 no facts that could support the defendant's liability for the conditions of plaintiff's confinement.
28 The civil rights statute requires an actual connection between the actions of a defendant and the

deprivation alleged to have been suffered by plaintiff.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  There are no facts here which connect defendant Harris to plaintiff's alleged injuries in a way that could even arguably support liability.

Second, plaintiff's allegations regarding poisoning by arsenic and saliva do not satisfy the factual plausibility standard.  Because they are clearly baseless, they should be dismissed.  See Neitzke, 490 U.S. at 327-28.

Third, the forms of relief sought by plaintiff – criminal prosecution and disbarment of the Attorney General, and DNA-testing of non-party correctional officers – are without legal basis and in excess of this court's jurisdiction.

Because the putative claim(s) against the sole defendant lack an arguable basis either in law or in fact, the complaint is legally frivolous.  See Neitzke v. Williams, 490 U.S. at 325; Franklin v. Murphy, 745 F.2d at 1227-28.

Summary Dismissal

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")).  The undersigned can discern no manner in which the defects of the complaint could be cured by amendment.  The court will recommend summary dismissal of this action with prejudice for plaintiff's failure to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's request to proceed in forma pauperis be denied as barred by the three strikes provision of 28 U.S.C. §1915(g); and

2.  Plaintiff's complaint be summarily dismissed with prejudice for failure to state a claim

upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE